IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JAZWARES, LLC, a Delaware limited
liability company,

       Case No. 25cv60627

    Petitioner,

v.

SUNIL W. MOOTHEDATH., an individual,

    Respondent.

_____/

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, Jazwares, LLC ("Jazwares"), a Delaware limited liability company, by and through its undersigned counsel of record, hereby Petitions to Confirm Arbitration Award against Sunil W. Moothedath ("Moothedath"). In support thereof, Jazwares states as follows:

### INTRODUCTION

1. This is an action to confirm an arbitral award in favor of Jazwares against Moothedath arising out of an arbitration *sitused* in Broward County, Florida.

2. Jazwares filed the arbitration as a result of a dispute with Moothedath relating to work performed under an Independent Contractor Agreement (the "ICA") that contained an arbitration provision. A true and correct copy of the ICA, including the arbitration provision, is attached hereto as **Exhibit 1**.

3. The ICA expressly stated that any such arbitrations would be "pursuant to the provisions of the Federal Arbitration Act, or any successor or replacement statute . . . ." Exh. 1 at 6.

4. After Moothedath breached the ICA and certain other agreements between the Parties, Jazwares initiated an arbitration before the American Arbitration Association (the

"AAA"), against Moothedath individually. Moothedath filed a counterclaim seeking—at one point—over $20 million.

5. The AAA appointed former Florida Circuit Court Judge Amy Dean (the "Arbitrator") to hear the matter.

6. After a final hearing on February 10 and February 11, 2025, the Arbitrator issued a Final Award (the "Final Award"). The Final Award, dated March 5, 2025, found in favor of Jazwares and against Moothedath in all respects and awarded both declaratory and injunctive relief against Moothedath, including Jazwares attorneys' fees, litigation costs, and cost of the AAA. The Final Award also dispensed with and rejected all aspects of Moothedath's $20 million counterclaim. A true and correct copy of that Final Award is attached hereto as **Exhibit 2**.

7. Petitioner Jazwares seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. Section 9 (the "FAA"), confirming the Arbitrator's Final Award dated March 5, 2025, rendered in the arbitration before the AAA, and entry of judgment thereon pursuant to 9 U.S.C. Section 13.

## Parties, Jurisdiction, and Venue

8. Petitioner Jazwares, LLC is a Delaware limited liability company, with its principal place of business in Broward County, Florida. In this Circuit, a limited liability company is deemed to be "a citizen of any state of which a member of the company is a citizen." *Flintlock Const. Services, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (citation omitted). Jazwares is a single-member limited liability company who is held by Alleghany Capital Corporation, which is a Delaware corporation with its principal place of business in New York. Thus, for purposes of diversity of citizenship, Jazwares is deemed to be a citizen of both Delaware and New York.

9. Defendant Moothedath is an individual domiciled in California.

10. This Court has jurisdiction under 28 U.S.C. Section 1331 in that this is a matter of federal question jurisdiction in that it is a petition to confirm arbitration award under the FAA, 9 U.S.C. Section 13.

11. This Court also has jurisdiction under 28 U.S.C. Section 1332 in that that is a civil action between Jazwares, LLC, a citizen of Delaware and New York and Sunil Moothedath, a citizen of California, where the ultimate amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

12. Venue is proper in this judicial district pursuant to 9 U.S.C. Section 9 because the Parties' arbitration agreement specified Broward County, Florida, as the place for arbitration and enforcement of the arbitration award and because the Final Award was rendered in Broward County, Florida.

**Facts**

13. Attached hereto as Exhibit 1 is a true and correct copy of the ICA between the parties, which contained the following arbitration provision:

> **Arbitration.** In the event there is any dispute arising out of or related to Independent Contractor's engagement by the Company (including termination of such engagement), which the parties are unable to resolve through direct discussion or mediation, regardless of the kind or type of dispute, Independent Contractor and the Company hereby agree to submit all such disputes exclusively to final and

---

[1] Courts have held that the amount in controversy comes from the amount demanded in the arbitration. *See, e.g., Smith v. Tele-Town Hall, LLC*, 798 F. Supp. 2d 748, 751–56 (E.D. Va. 2011) ("it is appropriate to adopt the demand approach and to conclude that the amount in controversy in a motion to confirm an arbitration award is the amount demanded in the underlying arbitration."). In *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 432 F.3d 1320, 1325–26 (11th Cir. 2005), the Eleventh Circuit held that the Court should look to the *maximum amount* that may be sought as a result of the action to determine the amount in controversy. "Here the maximum remedy Peebles sought was vacatur of a zero dollar arbitration award *and* a new arbitration hearing at which he could urge his argument that he was entitled to up to $2,000,000 in damages." 431 F.3d at 1325. Here, Jazwares sought equitable relief and attorneys' fees, costs, and costs of arbitration in the amount of $140,000.00. Moothedath filed a counterclaim seeking varying amounts from $100,000.00 to over $20,000,000.00.

> binding arbitration pursuant to the provisions of the Federal Arbitration Act, or any successor or replacement statute, upon a request submitted in writing to the other party within one year of the date when the dispute first arose, or within one year of the termination of Independent Contractor's engagement by the Company, whichever occurs first; *provided, however,* that if any such dispute is covered by a limitations period in court providing for a longer time to file a claim, such limitations period will govern.  Notice to Independent Contractor will be provided at its last known address, and notice to the Company will be provided to the Company's General Manager.  Any such arbitration will be (a) held within a fifty (50) mile radius of the Company's principal place of business, (b) administered by the American Arbitration Association (the "AAA") under its then prevailing national rules, if any, for the resolution of the type of dispute at issue and (c) decided by one (1) arbitrator appointed in accordance with such rules, if any.  The fees of such arbitrator and the cost related to the arbitration hearing will be paid by the Company.  The parties may conduct reasonable discovery, including depositions, before the arbitration hearing. Except as provided herein, the cost of arbitration will be shared equally by the parties and each party will pay the expenses of his/its attorneys, except that the arbitrator will, as provided by law, be entitled to award the costs of arbitration, attorney's and expert's fees, as well as costs, to the party that the arbitrator determines to be the prevailing party in any such arbitration.  The arbitrator will be empowered to award either party any remedy at law or in equity otherwise available had the claim been litigated in court.  Judgment upon the award rendered by the arbitrator as provided herein will be final and binding upon all parties and may be entered by any court having jurisdiction thereof.   Failure to timely request arbitration as provided herein will constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration under this Agreement. The limitations period set forth in this Section will not be subject to tolling, equitable or otherwise.  The claims subject to arbitration under this Agreement include, but are not limited to, any claims relating to Independent Contractor's engagement or the termination thereof, including claims that Independent Contractor may have against the Company and/or its parent company and/or their respective affiliates, officers, directors, independent contractors, successors or assigns for breach of contract (express or implied), discrimination (including, but not limited to, race, color, religion, sex, national origin, age, disability, sexual orientation, marital status, and arrest and court record), compensation and benefits claims, tort claims, and claims for violation of any federal, state or local law, statute, regulation or ordinance. . . .

Exh. 1, Annex A, ¶18.

14. The ICA clearly provides for arbitration and dictates that "Judgment upon the award rendered by the arbitrator as provided herein will be final and binding upon all parties and may be entered by any court having jurisdiction thereof." Exh. 1, Annex A, at ¶18.

15. Under the FAA, this Court undoubtedly has jurisdiction to enter a confirmation of the Final Award and enter judgment thereupon. 9 U.S.C. §§ 9, 13.

16. The Final Award has not been set aside, vacated, or suspended by a competent authority under which the Final Award was made.

17. Pursuant to 9 U.S.C. Section 9, Petitioner is bringing this action within one year after the Final Award was made on March 5, 2025.

## Count I
### Confirmation of Arbitration Award under the Federal Arbitration Act

18. Petitioner repeats, reaffirms, and re-alleges Paragraphs 1 through 17 as though fully stated herein.

19. Under 9 U.S.C. Section 9, "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."

20. The ICA between the Parties allows for confirmation and judgment, but does not specify the court which may provide the same. Exh. 1.

21. The ICA called for Arbitration in Broward County, Florida, which is where the Final Award was rendered. Therefore, under Section 9 of the Federal Arbitration Act, venue is proper in this Court.

22. Under 9 U.S.C. Section 9, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

23. Under 9 U.S.C. Section 9, confirmation petitions may be made "at any time within one year after the award is made."

24. This application is made within one-year the of the Final Award, which was rendered March 5, 2025.

25. The Final Award was properly issued by an Arbitrator with proper jurisdiction.

26. This Court has jurisdiction over the Final Award pursuant to the Federal Arbitration Act.

27. This Court has subject-matter jurisdiction under 28 U.S.C. Section 1331 in that it seeks to confirm an arbitration award entered under the Federal Arbitration Act and under 28 U.S.C. Section 1332 in that the Parties are completely diverse and more than $75,000 is in controversy. *See* n. 2; *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 432 F.3d 1320, 1325–26 (11th Cir. 2005). Moothedath's counterclaim in the arbitration demanded $20,000,000.00 in the arbitration.

28. The Final Award is sufficiently final in that it disposes fully of at least one issue. *See* n. 1; *Island Creek Coal Sales Co. v. City of Gainesville, Fla.*, 729 F.2d 1046, 1050 (6th Cir. 1984). The Final Award not only determines liability in favor of Petitioner, it also awards injunctive relief to Petitioner. However, the injunctive relief is of no effect until entered by this Court. *See Tube City IMS, LLC v. Anza Capital Partners, LLC*, 25 F. Supp. 3d 486, 488–89 (S.D.N.Y. 2014) ("arbitration awards are not self-enforcing . . . they must be given force and effect by being converted to judicial orders by courts.")

29. Under 9 U.S.C. Section 13, this Court can enter judgment on the Final Award. At such time, Petitioner will comply with the requirements of Section 13 of the FAA.

30. By reason of the foregoing, the Court should issue an order confirming the Final Award attached hereto as Exhibit 2 and direct that judgment be entered thereon.

## Relief Sought

31. Petitioner Jazwares respectfully requests that this Court issue an order pursuant to 9 U.S.C. Section 9 confirming the Final Award attached hereto as Exhibit 2.

32.     Petitioner Jazwares respectfully requests that this Court enter judgment thereon pursuant to 9 U.S.C. Section 13, in the amount of **$141,864.03**, which shall bear interest at the rate dictated by §55.03 Fla. Stat., pursuant to Section H(III)-(V) of the Final Award.

33.     Petitioner Jazwares respectfully requests that, pursuant to the Final Award, this Court enter a permanent injunction against Sunil Moothedath as follows:

> The NDA and ICA between Jazwares and Moothedath are valid and enforceable contracts. Therefore, Moothedath shall immediately cease violating the NDA and ICA regarding all projects completed thereunder, but particularly the Pikachu project, which Jazwares paid all sums due to Moothedath. Moothedath shall abide by the NDA and ICA permanently regarding all projects completed under either or both, especially the Pikachu project. This injunction covers all forms of communication whatsoever. Violations of this injunction, which may be confirmed by a court of competent jurisdiction, are enforceable by Jazwares, potentially by findings of contempt of Moothedath further violates the NDA and ICA.

34.     Petitioner Jazwares respectfully requests that, pursuant to the Final Award, this Court enter a Declaration consistent with Exhibit 2, declaring that "**Jazwares owes Moothedath no further sums for the Pikachu project. Moothedath has been paid in full**."

35.     Petitioner Jazwares respectfully requests that this Court expressly retain jurisdiction to enforce the injunction and declaratory relief.

36.     Petitioner Jazwares respectfully requests that this Court expressly retain jurisdiction to enforce the judgment, including for post-judgment proceedings.

37.     Petitioner Jazwares respectfully requests that this Court award Petitioner such other and further relief as this Court deems just and proper.

Dated: April 1, 2025　　　　Respectfully submitted,

**SHAW LEWENZ**
110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Tele: (954) 361-3633
Fax: (954) 989-7781

*/s/ Zachary D. Ludens*
JORDAN A. SHAW, ESQ.
Fla. Bar No.: 111771
jshaw@shawlewenz.com A
ZACHARY D. LUDENS, ESQ.
Fla. Bar No.: 111620
zludens@shawlewenz.com
LAUREN N. PALEN, ESQ.
Fla. Bar No.: 1038877
lpalen@shawlewenz.com

*Counsel for Jazwares, LLC*

[2720814/5]　　　　　　　　8